## JAMES F. SIMMONS v. DANIEL BROWN.

A mortgagor in possession, whose interest in the mortgaged premises has been levied and sold under an execution, may, in an action of ejectment against him by the purchaser, protect his possession by a lease for years from his mortgagee, whose mortgage was prior to the levy; and if this title to continued possession has accrued pending the suit of ejectment, it may be pleaded *puis darrein*.

EJECTMENT to recover several lots of land situated in the towns of Johnston and Cranston.

The case was submitted to the court, as to the *third* lot mentioned in the plaintiff's declaration, upon the following facts, set forth in a plea *puis darrein*, which was demurred to, and some additional facts which were agreed to be taken as true, for the purposes of the trial.

The plaintiff derived title by execution levied on the interest of the defendant in the lot, on the 28th day of March, 1859, under which levy the lot was, on the 1st day of December, 1859, sold to Frederick F. Simmons, and the same was by him conveyed to the plaintiff, on the 12th day of November, 1861. The writ was served upon the defendant on the 21st day of February, 1862, and it appeared from the plea, and the facts agreed to be taken as a part thereof, that, on the 30th day of June, 1857, the defendant mortgaged the lot in question in fee to one Pardon F. Brown, under which mortgage, the said Pardon, on the 31st day of March, 1862, entered upon the mortgaged and demanded premises, and on the 1st day of April, 1862, leased the same to the defendant for a term of years, who, according to his mortgagee's title, actually remained all the time in possession.

*Hart, for the plaintiff :—*

I. In ejectment, where the plaintiff claims under a sale by the sheriff on a judgment against the defendant, the latter cannot set up an outstanding title in a stranger. *Jackson* v. *Graham*, 3 Caine's R. 188 ; *Cooper's lessees* v. *Galbraith*, 3 Wash. C. C. R. 546 ; *Jackson* v. *Bush*, 10 Johns. R. 222 ; *Kane* v. *Sternbergh*, 1 Johns. Cas. 153.

II. A purchaser at a sheriff's sale of all the interest of the mortgagor in possession is entitled to recover, though the mortgagee be made codefendant, and the mortgage be outstanding. *Randall* v. *Davis*, 18 Johns R. 7.

III. The defendant, after the sale by the sheriff, became *quasi* tenant at will to the purchaser. *Jackson* v. *Graham*, 3 Caine's R. 185 ; *Kane* v. *Sternbergh*, 1 Johns. Cas. 153 ; *Russell* v. *Doty*, 4 Cow. 576.

*R. W. Greene, for the defendant.*

AMES, C. J. The cases cited in support of the demurrer do not, in general, apply to the question submitted to us. The defendant does not rely upon an outstanding title in a stranger, but defends his possession by setting up a superior title to that under which the plaintiff claims, derived to himself *puis darrein*, and so pleaded. The defendant, as mortgagor in possession, was, when the execution against him was levied upon the mortgaged estate, but a tenant at sufferance to his mortgagee, with the right, it is true, to protect his possession by redeeming the mortgage. The sale of his interest upon execution imposed no obligation upon him to redeem the mortgage for the benefit of the purchaser at the sheriff's sale, nor created any such relation between them as disentitled him to acknowledge the superior title of his mortgagee, which he had granted, and to accept a lease from him to protect his possession against the adverse claim of the purchaser. On the other hand, the mortgagee was entitled to possession both against the mortgagor and those claiming under him, or adversely to him, by law, under his title. *Keech* v. *Hall*, Doug. 21 ; S. C., 1 Smith's Lead. Cas. 293, 295–298, margin and 491–497, top pages, and notes and cases cited ; *Dexter* v. *Phillips*, 1 Sumn. 116 ; *Randall* v. *Phillips*, 3 Mass. 386 ; *Kimball* v. *Lockwood & Smith*, 6 R. I. Rep. 138. Accordingly, in *Doe* v. *Barton*, 11 Ad. & Ellis. 315, it was held, that in ejectment, the *tenant* may protect his possession against his *landlord*, by showing that the title of the landlord was defeasible under a mortgage granted by him prior to the lease, and that to avoid actual eviction he had been compelled to pay rent to his landlord's mortgagee, and thus put him in constructive possession of the mortgaged premises. If this be so, as between the mortgagor and his own tenant,

how much more between the mortgagor and the purchaser under an execution against him, whose relation imports no such loyalty due from the former to the latter, as is due from tenant to landlord. It seems absurd, as reasoned by Lord Denman, in the above case, since the mortgagee might have ejected the mortgagor, and afterward let to him, to require them to go through the form of an ejectment, in order to put them into the very position in which they now stand. In such case, the remedy of the plaintiff would have been to redeem the mortgage to which his title by execution was subject; and this is now equally open to him.

The demurrer is overruled.